IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
of MOTOR DEPOT, LLC as Owner of a
2006 Black Hawk vessel with Hull ID         CASE No.:
Number IT030015G506, its engines, tackle,
apparel, and appurtenances, etc. for
Exoneration from or Limitation of Liability,

       Petitioner.
_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

The Complaint of MOTOR DEPOT, LLC, for exoneration from or limitation of liability as owner of the 2006 Black Hawk vessel with Hull ID Number IT030015G506 (the "Vessel"), in a cause of action civil and maritime, respectfully alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

2. That at all material times, MOTOR DEPOT, LLC was the titled owner of the Vessel.

3. Venue is proper in this district under 28 U.S.C §1391 and Supplemental Rule F(9) as the events giving rise to the claim occurred, and a substantial part of property that is the subject of the action, including the Vessel, is situated within this district.

4. At all material times hereto, the Vessel was a seaworthy vessel, properly titled under the laws of the State of Florida, and was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and reasonably fit for use in and around inland and coastal waters of the United States.

5. The events which give rise to this Petition occurred while the Vessel was on the navigable waters of the United States on Hillsborough Bay, within this District.

6. On June 13, 2020, the vessel was engaged on a voyage for the purposes of test driving the vessel for potential customers, an operation that is necessary and incidental to the Petitioner's business.

7. While the Vessel was being operated on Hillsborough Bay and heading in a northerly direction south of Davis Islands near the "C Cut" shipping channel, the Petitioner's Vessel encountered unusual swells or vessel wake.

8. As a result of the swell or wake encounter, passengers Nasr Alghrairi, Tamara Nasser, and Meral Badawy allegedly sustained injuries.

2

9. The voyage terminated shortly after the alleged incident on June 13, 2020, in Tampa, Florida.

10. Any losses or damages that occurred or were alleged to have occurred on the voyage ending on or about June 13, 2020, were not caused or contributed to by any fault, neglect, want of care or design on the part of MOTOR DEPOT, LLC and/or any unseaworthy condition of the Vessel, but, on the contrary, were caused solely by conditions beyond Limitation Plaintiff's control and actual or constructive knowledge.

11. Limitation Plaintiff denies that it or the Vessel or any other person or property for whom or for which it may be responsible is liable to any extent for all claims and damages arising out of the above incident. Limitation Plaintiff specifically denies any and all liability for any claims or losses, or damages occasioned by, or resulting from, the matters and happenings alleged above and state that it has a valid defense to any such claim. Limitation Plaintiff desires to contest its liability for any such claims and, therefore, show that it is entitled to a decree exonerating it and the Vessel from liability.

12. Petitioner further alleges that any and all damages and losses as aforesaid were done, occasioned and incurred without fault on the part of Petitioner and without its privity or knowledge, actual or imputed. Should this Honorable Court, however, adjudge that Petitioner is liable to any extent in the premises, either

jointly or severally, the Petitioner claims the benefits of the Limitation of Liability Laws of the United States, 46 U.S.C. § 30501 *et seq.*, and all statutes amendatory thereof and supplementary thereto.

13. There are no known suits arising out of the aforesaid incident presently pending against Petitioner. Petitioner received written notice of a claim on July 13, 2021, from Nasr Alghrairi, Tamara Nasser, and Meral Badawy by letter dated June 18, 2021.

14. The Vessel did not sustain any damage as a result of the Incident and it is currently located in Hillsborough County, Florida.

15. Petitioner estimates that the value of the Vessel, including its equipment, apparel, appurtenances, etc., was no more than Twenty-One Thousand Dollars ($21,000.00) following the termination of the voyage which gave rise to this limitation action.

16. There was no pending freight arising from the voyage upon which the vessel was engaged on June 13, 2020.

17. Accordingly, Petitioner estimates that its interest in the vessel at the end of the voyage and pending freight was no more than Twenty-One Thousand Dollars ($21,000.00) following the termination of the voyage which gave rise to this limitation action.

18. Petitioner alleges that the amount of the damages and/or claims hereinabove described, and all other possible claims against Petitioner and the Vessel exceed the amount or value of Petitioner's interest in the Vessel and pending freight.

19. Petitioner offers and will file herein security in appropriate form for approval by this Honorable Court of the amount of Petitioner's interest in the Vessel and pending freight at the termination of the voyage aforesaid, including all costs.

20. Petitioner states that there are no unsatisfied liens or claims of liens, in contract or in tort, arising out of the voyage referred to above, so far as known to Petitioner, and except as set forth herein.

21. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States, and of this Honorable Court, and constitute a claim for relief within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, MOTOR DEPOT, LLC prays:

A. That this Honorable Court enter an Order approving as to quantum, form, and surety, the security to be filed by Petitioner in the amount of $21,000.00, pending any appraisement as may be ordered by the Court of the amount of Petitioner's interest in the Vessel;

B.  That, upon the approval of the foregoing security, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Petitioner and against the Vessel and any other property owned by Petitioner, other than in these proceedings;

C.  That this Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have any claims by reason of the matters and happenings detailed in the foregoing Complaint, directing them to appear and file their claims with the Clerk of the Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the allegations of this Complaint;

D.  That this Court adjudge that Petitioner and the Vessel are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings alleged in the foregoing Complaint;

E.  That, in the alternative, if this Court should adjudge that Petitioner is liable to any extent in the premises, the Court shall adjudge that the liability of Petitioner shall be limited to the amount of its interest in the Vessel and pending freight at the time of the end of the voyage wherein the incident which gave rise to this action occurred, in accordance with 46 U.S.C.A. § 30501 et seq.; and in that

event, the amount representing the value of Petitioner's interest in the Vessel and pending freight shall be divided pro rata among the claimants having made due proof of their respective claims; and that a decree be entered discharging Petitioner of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Petitioner in consequence of or arising out of or connected with the matters and happenings alleged in the foregoing Complaint; and

F. That Petitioner has such other and further relief in the premises as may be just and proper.

DATED this 17th day of December 2021.

_____
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL  33602
Telephone:  (813) 221-1500
Facsimile:  (813) 222-3066
Email:      service-thiel@bankerlopez.com

Attorneys for Petitioner