# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In the matter of the Complaint of
MOTOR DEPOT, LLC, as Owner of a
2006 Black Hawk Vessel with Hull
ID Number IT030015G506, its
Engines, Tackle, Apparel, and
Appurtenances, etc. for Exoneration
from or Limitation of Liability

Case No.: 8:21-cv-2941-WFJ-TGW

      Petitioner.
_____/

## ORDER

Before the Court is Tamara Nasser and Nasr Alghrairi's (collectively "Claimants") Motion to Tax Costs (Dkt. 53). Petitioner Motor Depot, LLC ("Motor Depot") has not responded in opposition. Upon careful consideration, the Court grants-in-part and denies-in-part Claimants' Motion.

## DISCUSSION

As the prevailing parties in this action, Claimants seek to tax costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" unless a federal law, federal rule, or court order provides otherwise. There is a "strong presumption" that a prevailing party will be awarded costs under Rule 54(d). *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (per curiam) (citation and internal quotations omitted).

Costs that may be awarded are those explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

To recover costs, the prevailing party must present adequate evidence to enable a court to determine the specific costs incurred. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). Upon a sufficient showing by the prevailing party, the opposing party "must overcome" the strong presumption in favor of awarding costs. *See Mano Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Here, Claimants seeks to recover $2,782.61 in costs. Dkt. 52 at 1; Dkt. 53 at 5. Claimants' proposed bill of costs includes the following cost-breakdown:

| Fees for service of summons and subpoena | $160.00 |
| --- | --- |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $2,124.75 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $497.86 |
| **TOTAL** | $2,782.61 |

Dkt. 52 at 1. The Court will address each category separately.

## I. Service of Process Costs

Claimants first request $160 in service of process costs. The Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" and that "a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The statutory rate for service by the United States Marshal—statutory fees authorized in § 1921—is currently $65.00 per hour. *See* 28 C.F.R. § 0.114(a)(3). Here, Claimants have put forth evidence demonstrating that they incurred the following private process server fees: 1) $40.00 to serve Most Insurance Agency; 2) $80.00 to serve Alex Slimini and Guerrany Ally; and 3) $40.00 to serve Shankar Manupata. Dkt. 52 at 7–8, 10. These fees individually are each well below the statutorily authorized rate for non-private service of process fees. Claimants are therefore entitled to the entire $160 they seek.

## II.     Transcript Costs

Claimants next request $2,124.75 in deposition transcript costs. Section 1920(2) expressly authorizes the taxation of "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Transcripts obtained "merely for convenience, to aid in thorough preparation, or for investigative purposes[,]" however, are not taxable. *See Barfield v. CSX Transp., Inc.*, No. 3:14-cv-1031-J-PDB, 2017 WL 4077042, at *1 n.4 (M.D. Fla. Sept. 14, 2017) (citation omitted). Here, Claimants seek to tax costs for the following transcripts: 1) $405.00 for the deposition transcript of Shankar Manupata; 2) $549.00 for the deposition transcript of Nasr Alghrairi; 3) $251.50 for the transcript of Meral Badwy; 4) $503.50 for the deposition of Tamara Nasser; and 5) $416.25 for the transcript of Ben Bengelloun. Dkt. 52 at 11–16. Claimants maintain that these depositions served as necessary support for their Motion for Summary Judgment in this case. *Id.* at 3.

The Court agrees. As the Eleventh Circuit has explained, "[a] district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *W&O, Inc.*, 213 F.3d at 621 (quoting *Tilton v. Cap. Cities/ABC, Inc.,* 115 F.3d 1471, 1474 (10th Cir. 1997)). Claimants submitted the depositions of Nasr Alghrairi, Shankar Manupata, and Ben Bengelloun in support of their Motion for Summary Judgment and the Court relied on them in ruling in Claimants' favor. Dkt. 38; *see generally* Dkt. 49. Further, the fact that

4

Claimants did not formally proffer the depositions of Meral Badwy and Tamara Nasser is immaterial here. "[E]ven where a deposition is not ultimately used as part of a prevailing party's case, [the Eleventh Circuit] has held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cnty.*, 492 F. App'x 991, 996–997 (11th Cir. 2012). Meral Badway and Tamara Nasser where present during the incident formerly at issue in this action. There is no evidence that shows that their depositions were unrelated to any issues in the case at they time they were taken. The Court therefore awards Claimants costs in relation to these depositions as well. The costs of all five depositions, however, amounts to $2,125.25, not $2,124.75. Claimants are consequently awarded $2,125.25.

### III. Exemplification and Copy Costs

Finally, Claimants request $497.86 in exemplification and copy costs for copies of medical records obtained from several medical providers. Dkt. 53 at 4. Like deposition costs, copying costs are taxable if necessarily obtained for use in a party's case. 28 U.S.C. § 1920(4). Claimants aver that the medical record copies they obtained "were reasonably necessary to litigation because they form the basis of Claimants' claims and demonstrate Claimants' injuries and damages." Dkt. 53 at 4.

Once again, the Court agrees with Claimants. All of the medical record invoices presented by Claimants pertain to Claimants' injuries and are dated after

5

Claimants made their personal injury claims in this case. Had this action survived the limitation of liability phase, Claimants could not have effectively proven their personal injury-based damages by any other means. It follows that the medical record copies at issue here were necessarily obtained for use in this case.

Notwithstanding, unless Claimants' records are incomplete, Claimants' arithmetic is slightly off. The $497.86 that Claimants seek is supposed to represent the following costs: 1) a $22.00 invoice for medical records; 2) a $33 invoice for the same; 3) a $51.50 invoice for the same; 4) a $93.50 invoice for the same; 5) a $35.00 invoice for the same; 6) a $241.50 invoice for the same; and 7) a $19 invoice for the same. Dkt. 52 at 17–24. The sum of these invoices is $495.50. Claimants are therefore awarded $495.50 in exemplification and copying costs.

## CONCLUSION

Based on the foregoing, the Court **GRANTS-IN-PART and DENIES-IN-PART** Claimants' Motion to Tax Costs. Dkt. 53. Following the Court's entry of a final bill of costs, the Clerk is directed to enter an award of costs in the amount of $2,780.75 in favor of Claimants' and against Motor Depot.

**DONE AND ORDERED** at Tampa, Florida, on May 30, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record